# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KRISTIN KISER, *et al.*,

    Plaintiffs,

v.

KURT OLSEN,

    Defendant.

Case No. 2:14-cv-2313

JUDGE ALGENON L. MARBLEY

Magistrate Judge Kemp

## OPINION & ORDER

Pending before the Court are Plaintiffs' Motion to Reconvene Mediation (Doc. 48) and Defendant's Motion to Enforce Settlement Agreement and Award Costs as Sanctions. (Doc. 49.) For the reasons set forth below, Plaintiffs' motion is **DENIED**, and Defendant's Motion is **GRANTED** in part.

## I. BACKGROUND

This is a dispute between siblings over their mother's estate. The case was originally filed in the Athens County Probate Court. Plaintiff Kristen Kiser sought a declaratory judgment ordering that she receive a farm owned by her mother's trust and that her brother, Defendant Kurt Olsen, receive other trust assets as compensation. Defendant removed the case to this Court, which appointed a special trustee (Kenneth Ryan) to oversee the case.

Ultimately, the parties settled their issues related to the sale of the farm in an agreement finalized in December 2016. A mediation to address remaining issues was conducted by Magistrate Judge Mark Abel on July 18, 2016. The case did not settle during the mediation itself, but the parties continued to negotiate over the next several days via e-mail and telephone. The parties' ongoing negotiations are memorialized in the following e-mails:

1

- After the case did not settle at the July 18 mediation, Plaintiffs' counsel circulated via e-mail on **July 20, 2016** a checklist of the issues that the parties needed to resolve and Plaintiffs' position on these issues. (Doc. 49, Ex. 1B.) This checklist included the four claims that Plaintiffs claim are still at issue now: (1) alleged third-party damage to farm equipment held by the trust (the "Montles" claim); (2) claims related to certain work performed by third-party contractors (the "Davidson-Bush" claim); (3) claims related to certain pre-existing roof damage to a barn and a shed on the farm property distributed to Plaintiff earlier in the case (the "Insurance claims"); and (4) claims about certain legal expenses Defendant incurred as co-trustee, seeking to remove Plaintiff as co-trustee before the appointment of the special neutral (the "Hoge" liens). (Doc. 49 at 3; *see also* Doc. 48 at 5.)

- On **July 21, 2016**, Plaintiff's counsel e-mailed Defendant's counsel after continued negotiations, conceding each of the four claims listed above. (Doc. 49, Ex. 1C.) Thus, the parties agreed on these key issues and had only "lesser disputes about art works, coin collections, and other chattel" to resolve. (Doc. 49 at 7.)

- After the parties spoke on the phone shortly in the early morning hours of **July 22, 2016**, at **7:28 a.m.** Plaintiffs' counsel e-mailed Defendant's counsel. In that e-mail, Plaintiffs' counsel stated: "We have a deal," and set forth the agreed-on division of the artwork, coins, etc. (Doc. 49, Ex. 1A.) Plaintiffs' counsel also suggested having a joint call with the Court to advise Judge Abel that the parties had settled. (*See id.*)

- On **July 22, 2016**, at **7:56 a.m.**, Defendant's counsel informed Plaintiffs' counsel that he would call the Court to advise that the case had settled, and agreed to put together a written agreement for circulation. (Doc. 49, Ex. 1D.)

- Defendant's counsel circulated a draft written settlement agreement via e-mail on **August 3, 2016**, which was signed by the special trustee on **August 6, 2016**. (*See* Doc. 49, Ex. IE; *see also* Doc. 52-1.)

To date, Plaintiffs refuse to sign the settlement agreement. Ms. Kiser claims that the written settlement agreement circulated on August 3, 2016 does not reflect her understanding of the settlement proposal and thus there was no meeting of the minds and no settlement to enforce. (*See* Doc. 51 at 9–10.) Defendant, by contrast, argues that the parties entered into a clear and unambiguous settlement on July 22, 2016, as evidenced by Plaintiffs' counsel's e-mail stating that the parties "ha[d] a deal." Notably: (1) the parties agreed, as evidenced by their e-mail exchange, to notify the Court of their settlement on July 22, 2016 and therefore did not attend the final pretrial conference scheduled for that afternoon; (2) Plaintiffs did not show up to Court on

the scheduled trial date of August 16, 2016; and (3) Plaintiffs did not object or attempt to correct the special trustee when he signed the settlement agreement on August 6, 2016.

## II. ANALYSIS

"Public policy favors settling cases without litigation, and settlement agreements should be upheld whenever it is equitable to do so." *Graley v. Yellow Freight Sys., Inc.*, 221 F.3d 1334 (6th Cir. 2000) (unpublished table decision) (citing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976)). District courts have the "inherent power to enforce settlement agreements entered into by parties litigating in a pending case," and this power extends to the enforcement of oral settlement agreements made off the record and not in the presence of the Court. *See id.* (internal citations omitted).

"Summary enforcement of a settlement agreement, without holding an evidentiary hearing, is proper when the parties do not dispute material facts pertaining to the existence or terms of a settlement agreement."[1] *Id.* To enforce the agreement, a district court "must find that the parties have agreed on all material terms of the settlement." *Id.* "In enforcing the agreement, the court is not permitted to alter the terms of the agreement, but rather it must enforce the settlement as agreed to by the parties." *Id.*

In support of his argument that the Court should enforce the settlement, Defendant relies on *Lucas Contracting, Inc. v. Altisource Portfolio Solutions, Inc.*, No. 2015CA00102, 2016 WL 529408 (Ohio Ct. App. Feb. 9, 2016). In *Lucas*, an Ohio appellate court upheld the trial court's enforcement of settlement agreement where parties exchanged e-mails agreeing to basic terms. *Id.* at *3–*4. ("We find that the trial court did not err by granting the Motion to Enforce

---

[1] Because Plaintiffs did not expressly request an evidentiary hearing, they have waived their right to one. *See Lucas Contracting, Inc. v. Altisource Portfolio Sols., Inc.*, No. 2015CA00102, 2016 WL 529408, at *2 (Ohio Ct. App. Feb. 9, 2016) (party waived right to evidentiary hearing by failing to request such a hearing or objecting to lack of an evidentiary hearing).

Settlement. Appellee clearly set out the terms of settlement in its November 10, 2014 e-mail and in its response the same day, appellant never contradicted or challenged the same."). The court enforced the settlement even where the settlement agreement required the personal signature of a nonparty, and this term was not addressed in the parties' e-mails. *Id.* at *4. Similarly, in *Sematic USA, Inc. v. Otis Elevator Co.*, No., 2006 WL 1624398, at (N.D. Ohio June 6, 2006), the Northern District of Ohio granted summary judgment to a plaintiff seeking to enforce a settlement agreement where the terms of the settlement were set forth in an 11-point chart attached to an e-mail. *Id.* at *4.

Plaintiffs correctly note that *Sematic* is distinguishable because all of the settlement terms were contained in one comprehensive e-mail/chart. However, Plaintiffs elevate form over substance by focusing on the fact that the parties never exchanged a *single* e-mail containing all of the settlement terms. Between (1) the July 20 mediation memorandum sent to Defendant by Plaintiffs; (2) Plaintiffs' July 21 e-mail conceding four of the points in that memorandum; and (3) the July 22 e-mail in which Plaintiffs' counsel clearly states that the parties have a deal and sets forth the remaining terms of the settlement (dealing with artwork, coins, etc.); the unambiguous correspondence exchanged by the parties indicates that there was a meeting of the minds and an enforceable settlement. Although these unambiguous communications are all the Court needs to consider, in addition, Plaintiffs' indication in the July 22 e-mail that defense counsel could notify the Court of the parties' settlement and failure to alert the special trustee or the Court that the parties had not settled after seeing the August 3 draft settlement agreement suggest that Plaintiffs are simply now having buyer's remorse.

For these reasons, the Court finds that the parties entered into an enforceable settlement. Defendant's motion is therefore **GRANTED**, and Plaintiffs' motion is **DENIED**. As for

Defendant's request for costs, the Court has "the inherent power to sanction a party when that party exhibits bad faith." *Ferron v. Echostar Satellite, L.L.C.*, 658 F. Supp. 2d 859, 862–63 (S.D. Ohio 2009). The Court finds that Plaintiffs' conduct did not rise to the level of bad faith, and Defendant's request for sanctions is **DENIED**.

    **IT IS SO ORDERED**.

                                              s/ Algenon L. Marbley
                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**Dated: September 14, 2017**